# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 15-751V
### Filed: November 5, 2015
UNPUBLISHED

* * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| ALLISON HOLLAND, | * | |
| | * | |
| Petitioner, | * | Damages Decision Based on Proffer; |
| | * | Quadrivalent Influenza Vaccine; |
| | * | Shoulder Injury Related to |
| SECRETARY OF HEALTH | * | Vaccine Administration (SIRVA); |
| AND HUMAN SERVICES, | * | Special Processing Unit ("SPU") |
| | * | |
| Respondent. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

*Nicholas Bunch, White, Getgey & & Meyer, Cincinnati, OH, for petitioner.*
*Ann Martin, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On July 17, 2015, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] [the "Vaccine Act" or "Program"].  Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") resulting from the quadrivalent influenza vaccination she received on October 1, 2014.  Petition at 1.  The case was assigned to the Special Processing Unit of the Office of Special Masters.

On October 20, 2015, the undersigned issued a ruling on entitlement in favor of petitioner.  On November 4, 2015, respondent filed a proffer on award of compensation ["Proffer"] stating that petitioner should be awarded a lump sum in the amount of $74,046.40.  Proffer at 2.  In the Proffer, respondent represented that petitioner agrees with the proffered award.  Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner a lump sum payment of $74,046.40 in the form of a check payable to petitioner, Allison Holland.**  This amount represents compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

_____

|  |  |
|---|---|
| ALLISON HOLLAND, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 15-751V |
| v. ) | Chief Special Master Dorsey |
| ) | ECF |
| SECRETARY OF HEALTH AND ) | |
| HUMAN SERVICES, ) | |
| ) | |
| Respondent. ) | |
|_____) | |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

**I.      Items of Compensation**

Based upon the evidence of record, respondent proffers that petitioner should be awarded

$74,046.40, which represents all elements of compensation to which petitioner would be entitled

under 42 U.S.C. § 300aa-15(a).[1]  Petitioner agrees.

**II.      Form of the Award**

The parties recommend that the compensation provided to petitioner should be made

through a lump sum payment of $74,046.40 in the form of a check payable to petitioner.

Petitioner agrees.

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future pain and suffering.

                                        VINCENT J. MATANOSKI
                                        Deputy Director
                                        Torts Branch, Civil Division

                                        GLENN A. MACLEOD
                                        Senior Trial Counsel
                                        Torts Branch, Civil Division

                                        s/ ANN D. MARTIN
                                        ANN D. MARTIN
                                        Senior Trial Attorney
                                        Torts Branch, Civil Division
                                        U.S. Department of Justice
                                        P.O. Box 146
                                        Benjamin Franklin Station
                                        Washington, D.C.  20044-0146

DATED:  November 4, 2015